UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIM TYLER,

           Plaintiff,

    v.

THE CITY OF SACRAMENTO
DEPARTMENT OF PUBLIC WORKS,

           Defendant.

Case No.  2:26-cv-1812-DAD-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff has filed two motions for injunctive relief seeking to stop the City of Sacramento from demolishing the sidewalk in front of his property.  ECF Nos. 1 & 7.  For the reasons explained below, plaintiff's motions should be denied.

**Background**

Plaintiff filed this action alleging that the City of Sacramento plans to demolish the sidewalk in front of his property because the City considers the sidewalk to be a "danger to persons or property, or interfered with public convenience."  ECF No. 1 at 2.  The City notified plaintiff that he must demolish and replace the sidewalk, or the City would do so and charge him for the repair.  *Id.*  Plaintiff alleges that he personally inspected the sidewalk and found no reason it would pose a danger.  *Id.*  The City informed plaintiff that he could not use "cracker filler" to

1

repair the minor cracks in the sidewalk.[1]  *Id.* at 3.  Plaintiff sought to appeal the decision but was informed that he had no appeal right to the determination that the sidewalk needs to be repaired. *Id.* at 4.  Plaintiff states that the City will demolish and replace the sidewalk on June 21, 2026, if he does not repair the sidewalk first.  *Id.* at 6.  Plaintiff's complaint alleges two claims under 42 U.S.C. § 1983 for violation of the Fifth Amendment (Takings) and Fourteenth Amendment (Due Process).

**Legal Standard**

A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is not awarded as of right.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  The standards governing temporary restraining orders are "substantially similar" to those governing preliminary injunctions.  *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017).  To obtain injunctive relief, petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter*, 555 U.S. at 20.  Although the court must consider all four *Winter* factors, the first factor—likely success on the merits—is the most important.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

**Analysis**

Plaintiff seeks injunctive relief in the form of prohibiting the City from demolishing the sidewalk in front of his property, but injunctive relief is generally not an available remedy for a Fifth Amendment Takings Clause claim.  *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984) ("Equitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking."); *In re Nat'l Sec. Agency Telecomm. Records Litig.*, 669 F.3d 928, 932 (9th Cir. 2011).  Thus, plaintiff has not demonstrated that he will suffer irreparable harm

---

[1] Plaintiff attached a letter from the City that states he has the option to have a licensed contractor perform the work, he can perform the work himself, or he can have the City perform the work.  ECF No. 7 at 5.  Accordingly, plaintiff's assertion that he is not allowed to repair the sidewalk himself appears to be inconsistent with the letter from the City.

if the injunction is denied.  "The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury [] that must be imminent in nature."  *Gish v. Newsom*, No. 20-cv-00755-JGB-KK, 2020 WL 1979970, at *3 (C.D. Cal. Apr. 23, 2020) (citing *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d. 716, 725 (9th Cir. 1999); *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988)).  "Harm is irreparable if it cannot be adequately compensated or corrected at a later date by legal remedies or monetary damages."  *Donaghey v. Moorpark Bellingham Homeowners Ass'n, Inc.*, No. 22-cv-08524-DSF-MAA, 2023 WL 9318509, at *9 (C.D. Cal. Nov. 29, 2023) (citing *Cal. Pharma. Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009)).  Generally, the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted).

Plaintiff has not demonstrated a likelihood of irreparable harm, as required by the second *Winter* factor, because he can obtain compensation through money damages should he prevail on his underlying claims.  Because plaintiff has not shown a likelihood of irreparable harm absent injunctive relief, the court need not conduct an analysis of the remaining *Winter* factors.  *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (holding that a "plaintiff [must] make a showing on all four prongs to obtain a preliminary injunction"); *see also Williams v. Lobel Fin. Corp.*, 673 F. Supp. 3d 1101, 1106 (C.D. Cal. 2023) ("Where a plaintiff has not made the minimum showing of irreparable injury, it is not necessary for the Court to decide whether the plaintiff is likely to succeed on the merits.") (citing *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1378 (9th Cir. 1985)).  Therefore, plaintiff's motions for injunctive relief should be denied

Accordingly, it is hereby RECOMMENDED that plaintiff's motions for injunctive relief, ECF Nos. 1 & 7, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the

3

court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 17, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE