UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIM TYLER,

Plaintiff,

v.

THE CITY OF SACRAMENTO DEPARTMENT OF PUBLIC WORKS,

Defendant.

Case No. 2:26-cv-1812-JDP (PS)

ORDER

Plaintiff Tim Tyler filed a lawsuit against defendant City of Sacramento Department of Public Works alleging that the City has violated his due process and Fifth Amendment rights by determining that his sidewalk needed repair. Defendant has moved to dismiss all claims brought against it and plaintiff has moved for default judgment. For the reasons stated below, defendant's motion is granted, plaintiff's is denied, and the complaint is dismissed without leave to amend.

**Background**

Plaintiff filed this action alleging that the City of Sacramento plans to demolish the sidewalk in front of his property because the City considers the sidewalk to be a "danger to persons or property, or interfered with public convenience." ECF No. 1 at 2. The City notified plaintiff that he must demolish and replace the sidewalk, or the City would do so and charge him for the repair. *Id.* Plaintiff alleges that he personally inspected the sidewalk and found no reason

it would pose a danger. *Id.* The City informed plaintiff that he could not use "crack filler" to repair the minor cracks in the sidewalk. *Id.* at 3. Plaintiff sought to appeal the decision but was informed that he had no appeal right to the determination that the sidewalk needs to be repaired. *Id.* at 4. Plaintiff's complaint alleges two claims under 42 U.S.C. § 1983 for violation of the Fifth Amendment (Takings) and Fourteenth Amendment (Due Process).

**Procedural History**

Plaintiff initiated this action by filing a complaint and motion for a preliminary injunction. ECF No. 1. A short while later, plaintiff filed a second motion for a preliminary injunction. ECF NO. 7. On June 18, 2026, the undersigned recommended, via Findings and Recommendations, that both motions be denied. ECF No. 8. After the issuance of those recommendations, both parties consented to magistrate judge jurisdiction. *See* ECF No. 14. Accordingly, the Findings and Recommendations, filed June 18, 2026, are now deemed an order of the court.

Defendant filed a motion to dismiss on June 18, 2026, ECF No. 10, and plaintiff filed a motion for default judgment on June 24, 2026, ECF No. 13. Both motions are submitted for adjudication.

**Motion to Dismiss**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions

to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Plaintiff's purported due process and takings claims fail to state claims. His first claim, that defendant violated his procedural due process rights by not providing him with notice and an opportunity to contest the alleged deprivation of his property, is without merit. To allege a violation of a person's due process rights, either procedural or substantive, there must be a threshold showing that the government deprived a person of a "life, liberty, or property." *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution."). Plaintiff has failed to allege that he has a protected interest in disputing a governmental determination that his sidewalk needs repair. Accordingly, this claim fails.

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." The Takings Clause "does not prohibit the taking of private property, but instead places a condition on the exercise of that power." *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 314 (1987). There are "two categories of regulatory action that generally will be deemed *per se*

takings for Fifth Amendment purposes." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005). First, when the government requires an owner to suffer a permanent physical invasion of his property, the government must provide just compensation. *See Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419 (1982) (state law requiring landlords to permit cable companies to install cable facilities in apartment buildings effected a taking). The second category is when a regulation completely deprives an owner of "*all* economically beneficial us[e]" of her property. *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1019 (1992).

Here, plaintiff alleges a violation of the first category. But, as defendant argues, "[p]laintiff does not allege the City physically took the sidewalk abutting his property or did anything to deprive Plaintiff of his use of the sidewalk or any other property he owns." ECF No. 10-1 at 5. To be sure, an ordinance requiring sidewalk repairs does not constitute a per se physical taking because the government is not physically invading or appropriating plaintiff's property; the ordinance merely requires the homeowner to maintain an easement that already exists on the homeowner's land. And as plaintiff argued, he was provided with the option of repairing the sidewalk himself. ECF No. 7 at 5; SSC § 12.32.090(E) ("Provide that the owner may elect to perform the repairs him or herself, have the work performed by a licensed contractor, or have the work performed by the city, through a contractor selected by the city or with city employees."). Accordingly, plaintiff's taking claim fails.

In opposition, plaintiff initially argues that defendant's motion was untimely and thus should not be considered. ECF No. 16. Plaintiff argues that defendant's response was due June 17, 2026, though he was not served with the motion until June 23, 2026.[1] *Id.* In response, defendant argues that its response was timely as the proof of service reflects that defendant mailed the motion by overnight mail to plaintiff's address on June 17, 2026. *See* ECF No. 10-3 at 2. The Federal Rules of Civil Procedure provide that "[a] paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing."

---

[1] Plaintiff states he did not receive the motion until July 23, 2026, but the court understands him to mean June 23, 2026.

Fed. R. Civ. P. 5(b)(2)(C). Accordingly, the court finds that defendant's response to the complaint, which was mailed on June 17, 2026, was timely.

Plaintiff later filed a "supplemental" opposition to defendant's motion to dismiss.[2] ECF No. 17. Therein he argues that defendant's post-deprivation lien hearing is insufficient to cure the due process violation that would occur if the City repaired his sidewalk. ECF No. 17 at 3. For support, plaintiff cites to *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at 4. He argues that he has a "significant" private interest in the repair of his sidewalk and that the "risk of error is also substantial." *Id.* at 5. *Mathews* does not aid plaintiff. As explained above, plaintiff has not demonstrated that he has a protected liberty interest in the City requiring repairs to occur to the sidewalk in front of his property. Without a protected liberty interest, there is no procedural protection required from the government.

**Motion for Default Judgment**

Plaintiff has filed a motion for default judgment, arguing that defendant failed to timely respond to the complaint. ECF No. 13. As addressed above, defendant's response was timely. However, even if the court were to find otherwise, the motion would still be denied because plaintiff did not first seek entry of default from the clerk. Rule 55 requires a two-step process: (1) seeking entry of default from the clerk of the court; and (2) filing a motion for default judgment before the district court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing "two-step process" required by Rule 55); *see Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (discussing difference between entry of default and default judgment). Here, the Clerk of Court has not entered default against defendant. When the Clerk has not entered default against a defendant, a motion for default judgment against that defendant is improper. *See Marty v. Green*, No. 2:10-cv-1823 KJM-KJN (PS), 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) (denying motion for default judgment where the plaintiff did not first

---

[2] Defendant argues that plaintiff's supplemental opposition is untimely and thus should not be considered. ECF No. 19. While untimely, the court will consider it in light of plaintiff's pro se status.

seek entry of default from the Clerk of the Court). Accordingly, plaintiff's motions for default judgment is denied.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 10, is GRANTED with prejudice.
2. Plaintiff's motion for default judgment, ECF No. 13, is DENIED.
3. The June 18, 2026 Findings and Recommendations are deemed an order of the court by operation of the parties' consent.
4. The Clerk of Court is directed to enter judgment and close this action.

IT IS SO ORDERED.

Dated: September 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE